**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

EDWIN REDMOND,

    Plaintiff,                        **JURY TRIAL DEMANDED**

v.                                            3:20cv134-SA-RP

EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EXETER FINANCE, LLC

    Defendants.
_____/

## COMPLAINT

Plaintiff, EDWIN REDMOND (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Equifax Information Services, LLC (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian"), and Exeter Finance, LLC (hereinafter "Exeter") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, Equifax LLC, and Experian Information Solutions, Inc.

3. Consumer reporting agencies that create consumer reports, like Equifax Information Services, LLC, Equifax LLC, and Experian Information Solutions, Inc. are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the

information they report. It is not enough for them to simply parrot information they receive from entities like Exeter, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Exeter. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. The Plaintiff is a natural person and resident of the State of Mississippi, residing in Tunica County, Mississippi.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Upon information and belief, Equifax is a corporation headquartered in the State of Georgia, authorized to do business in the State of Mississippi through its registered agent, Corporation Service Company, 7716 Old Canton Road, Suite C Madison, MS 39110.

12. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f).

13. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15. Upon information and belief, Experian is a corporation headquartered in the State of California, authorized to do business in the State of Mississippi through its registered agent, CT Corporation System, located at 645 Lakeland East Dr., Ste. 101, Flowood, MS 39232.

16. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f).

17. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

19. Exeter is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

20. Exeter is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

21. Exeter is a Texas corporation with a principal place of business located at 2101 W.

John Carpenter Freeway, Irving, TX 75063, which does business in the State of Mississippi through its registered agent Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, MS 39110.

22. Exeter is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

23. Plaintiff is a natural person who is alleged to owe a debt to Exeter for a debt.

24. Plaintiff never had dealings with Exeter.

25. Plaintiff learned that this false debt originated with the Steve Jones Dodge dealership.

26. Plaintiff explained to the dealership that he did not finance the automobile that is the subject of the Exeter account.

27. Ultimately, the dealership was unable to correct the situation.

28. Now Equifax and Experian are both reporting that Plaintiff owes the alleged debt to Exeter.

29. Equifax and Experian are both reporting that the alleged Exeter debt is charged off, further damaging Plaintiff's credit rating.

30. In or about November 2019, the Plaintiff mailed written dispute letters to Experian concerning the inaccurate reporting of the Exeter account.

31. In the aforementioned letters, Plaintiff explained in detail that the Exeter account did not belong to him.

32. On or about December 4, 2019, Experian responded to the dispute stating that the Exeter "information is accurate".

4

33. In or about January 2020, the Plaintiff mailed written dispute letters to Equifax concerning the inaccurate reporting of the Exeter account.

34. In the aforementioned letters, Plaintiff explained in detail that the Exeter account did not belong to him.

35. On or about February 12, 2020, Equifax responded to the dispute stating that the Exeter "verified as accurate".

36. Upon information and belief, Experian notified Exeter of Plaintiff's dispute of the account.

37. Upon information and belief, Equifax notified Exeter of Plaintiff's dispute of the account.

38. None of the letters Plaintiff sent to Experian and/or Equifax provided any relief for Plaintiff.

39. Exeter is disclosing the existence of this inaccurate debt to collection agencies in an attempt to collect the debt.

40. Upon information and belief, Exeter, to this date, has never informed Experian that Plaintiff is not the responsible party for the alleged debt.

41. Upon information and belief, Exeter to this date, has never informed Equifax that Plaintiff is not the responsible party for the alleged debt.

42. A reasonable investigation by Exeter would have revealed that they have never had any contact with Plaintiff.

43. Upon information and belief, Exeter merely took a quick glance at the accounts in question without doing any actual investigation.

44. Upon information and belief, Experian kept the inaccurate accounts on Plaintiff's credit report despite being notified that Plaintiff was not the responsible party for the alleged debts.

45. Upon information and belief, Experian kept the inaccurate accounts on Plaintiff's credit report despite being notified that Plaintiff was not the responsible party for the alleged debts.

46. Upon information and belief, to date, Experian has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

47. Upon information and belief, Equifax kept the inaccurate accounts on Plaintiff's credit report despite being notified that Plaintiff was not the responsible party for the alleged debts.

48. Upon information and belief, to date, Equifax has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

49. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Delayed purchasing of an automobile;
   ii. Delayed in establishing his own residence;
   iii. Monies lost by attempting to fix his credit;
   iv. Loss of time;
   v. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

50. All conditions precedent to the filing of this action have occurred.

## COUNT I

**Violation of the FCRA § 1681s-2(b) by Exeter Finance, LLC**

51. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty (50), including subparts, as if fully set forth herein.

52. Exeter is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher" as codified at 15 U.S.C. § 1681s-2.

53. Exeter published false information about Plaintiff owing a debt, to Experian and Equifax and through Experian and Equifax to Plaintiff's potential lenders.

54. Exeter violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the alleged debt owed; by failing to review all relevant information regarding same; by failing to accurately respond to Experian and Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Exeter representations to the consumer reporting agencies.

55. Exeter violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian and Equifax after Exeter had been notified of the dispute and that the information was inaccurate.

56. Exeter did not have any reasonable basis to believe that Plaintiff was responsible for the debt allegedly owed. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party. Exeter knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Exeter would attempt to plead ignorance, it had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

57. As a result of Exeter's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. Plaintiff has also been delayed in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting by Exeter.

58. Exeter's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXETER FINANCE, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**Violation of the FCRA § 1681i(a) by Defendant Experian Information Solutions, Inc.**

59. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty (50), including subparts, as if fully set forth herein.

60. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and delete the item from Plaintiff's credit file. Experian failed to conduct any independent investigation and relied upon verification from a source it knows could be unreliable.

61. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff and by failing to request any account level information from Exeter regarding the alleged debt owed.

8

62. Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

63. As a result of Experian's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, delay in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting, embarrassment, humiliation and other mental and emotional distress.

64. Experian's violations were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

66. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
**Violation of the FCRA § 1681e(b) by Defendant Experian Information Solutions, Inc.**

67. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty (50), including subparts, as if fully set forth herein.

68. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

69. As a result of Experian's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

70. Experian's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

72. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT IV
**Violation of the FCRA § 1681i(a) by Defendant Equifax Information Services, LLC**

73. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty (50), including subparts, as if fully set forth herein.

74. Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and delete the item

10

from Plaintiff's credit file. Equifax failed to conduct any independent investigation and relied upon verification from a source it knows could be unreliable.

75. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff and by failing to request any account level information from Exeter regarding the alleged debt owed.

76. Equifax violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

77. As a result of Equifax's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, delay in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting, embarrassment, humiliation and other mental and emotional distress.

78. Equifax's violations were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79. In the alternative, Equifax was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

80. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder

from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT V
### Violation of the FCRA § 1681e(b) by Defendant Equifax Information Services, LLC

81. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty (50), including subparts, as if fully set forth herein.

82. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

83. As a result of Equifax's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

84. Equifax's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

85. In the alternative, Equifax was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

86. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.


...


Respectfully submitted,

*/s/ William Graves*
William Graves, Esquire
Mississippi Bar #: 105679
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
Telephone: (601) 503-1654
Fax: (601) 503-1606
WGraves@forthepeople.com
*Counsel for Plaintiff*